UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Eastern District of Kentucky
**FILED**

**JUL 0 5 2018**

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.**                                        INDICTMENT NO. 0:18-CR-5-JMH

**ADRIAN MITAN**
    **aka ABCD0**
    **aka XPLADRIAN**

\*  \*  \*  \*  \*

**THE GRAND JURY CHARGES:**

## Introduction

1.    At all times relevant to this Indictment, ADRIAN MITAN was a Romanian national from Galaţi, Romania, who perpetrated a credit-card phishing and brute-force attack scheme designed to steal money from U.S.-based victims.

2.    Relevant to this Indictment, phishing is an attempt to acquire personal information, like credit card numbers, by masquerading as a trustworthy entity through an electronic communication.

3.    Relevant to this Indictment, brute force is a type of cryptological trial-and-error system used to obtain information such as a personal identification number ("PIN"). In a brute-force attack like the one used in this case, software is employed to generate a large number of consecutive guesses as to the value of desired data.

4.    In this case, MITAN and his coconspirators phished for credit/debit card

information (numbers, expiration dates, etc.). After obtaining this information, MITAN hacked into point-of-sale ("POS") systems of American businesses and "ran" thousands of credit/debit card purchases or balance inquiries in order to acquire the remaining codes necessary to extract funds from those cards. To do this, he "brute-force attacked" the POS systems, guessing as to the combination of numbers that could comprise the missing credit/debit card codes. Once the credit/debit card purchase or balance inquiry was successful – meaning the right code was used – MITAN and his coconspirators had all the information needed to create "dummy" credit or debit cards and extract money therefrom at automatic teller machines ("ATMs").

5.     Bitcoin is a digital currency that operates as a peer-to-peer payment system. Users send and receive Bitcoin using wallet software on a personal computer, mobile device, or web application. Bitcoin is exchanged between Bitcoin addresses, and every Bitcoin transaction generates a transaction hash that is forever stored on a public ledger commonly called the Bitcoin blockchain.

6.     The Confidential Source ("CS") is an American citizen, who, beginning in late 2014, began laundering monetary transactions on behalf of several individuals he met online, typically by converting fraud proceeds into Bitcoin for transmission to the perpetrators of the underlying fraud. In June of 2015, the CS was confronted about his illegal activity by the U.S. government and began cooperating with law enforcement at that time. He conducted all activities in furtherance of the crimes described herein in the Eastern District of Kentucky.

## COUNT 1
## 18 U.S.C. § 1956(h)

7.    Paragraphs 1 through 6 above are re-alleged and incorporated herein by reference.

8.    From at least January 12, 2016, through February 24, 2016, in Boyd County, in the Eastern District of Kentucky and elsewhere,

## ADRIAN MITAN

and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to commit offenses against the United States in violation of Title 18, United States Code, Section 1956(a)(1) and (2), to wit:

(a) did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and foreign commerce, which transaction involved the proceeds of specified unlawful activity, that is, violations of Title 18, United States Code, Sections 2, 371, 1029, 1030, 1343, and 1349, with the intent to promote the carrying on of such specified unlawful activity and, that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

(b) did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and foreign commerce, which transaction involved the proceeds of specified unlawful activity, that is, violations of Title 18, United

States Code, Sections 2, 371, 1029, 1030, 1343, and 1349, knowing that the

transaction was designed in whole and in part to conceal and disguise the nature,

location, source, ownership, and control of the proceeds of said specified unlawful

activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

(c) did knowingly transport, transmit, and transfer, or attempt to transport, transmit,

and transfer, monetary instruments and funds from a place in the United States to

or through a place outside the United States, knowing that the instruments or funds

represent the proceeds of some form of unlawful activity and that the

transportation was designed in whole or part to conceal or disguise the nature,

location, source, ownership, or control of the proceeds of specified unlawfully

activity, that is, violations of Title 18, United States Code Sections 2, 371, 1029,

1030, 1343, and 1349, in violation of Title 18, United States Code, Section

1956(a)(2)(B)(i); and

(d) did knowingly transport, transmit, and transfer, or attempt to transport, transmit,

and transfer, monetary instruments and funds from a place in the United States to

or through a place outside the United States, with the intent to promote the

carrying on of a specified unlawful activity, that is violations of Title 18, United

States Code, Sections 2, 371, 1029, 1030, 1343, and 1349, in violation of Title 18,

United States Code, Section 1956(a)(2)(A).

### Manner and Means

9.      The manner and means used to accomplish the objectives of the conspiracy

included, among others, the following:

10.     Through a combination of phishing and brute-force attacks, MITAN and his coconspirators obtained all necessary codes of credit/debit cards belonging to certain individuals residing in the United States. MITAN then sent these credit/debit card codes to coconspirators located in the United States, who would re-encode dummy credit/debit cards to use to extract funds from the bank accounts of the victims at ATMs. In this way, MITAN and his coconspirators committed wire fraud (18 U.S.C. § 1343), access device fraud (18 U.S.C. § 1029), and computer fraud (18 U.S.C. § 1030), and conspiracy to commit each (18 U.S.C. §§ 371, 1349).

11.     MITAN and his coconspirators then employed techniques to convert the proceeds from cash into other monetary instruments in the United States, and transmit the proceeds back to MITAN, who was located in Europe.

12.     Specifically, on or around February 17 and 18, 2016, MITAN and his coconspirators sent text alerts to customers of First Technology Federal Credit Union ("FTFCU"), located in Beaverton, Oregon, asking the customers to call the credit union and change their PINs. Several customers then provided MITAN and his coconspirators with their PINs.

13.     MITAN and his coconspirators next initiated a brute-force attack to ascertain the CVC1 code on the FTFCU customers' debit cards, a code located within the magnetic stripe on the debit card.

14.     Through online communications, MITAN provided the complete debit card information to the CS, who received the online communications and debit card information in the Eastern District of Kentucky.

15.	From the Eastern District of Kentucky, the CS then supplied the same complete debit card information to a coconspirator located in the United States. The U.S.-based coconspirator withdrew cash from the accounts linked to these debit cards through ATM machines, and provided the CS with the proceeds of the fraud, keeping a portion for himself as a fee.

16.	Through further online communications, MITAN provided the CS with his Bitcoin address. From the Eastern District of Kentucky, the CS then sent MITAN the proceeds of the fraud, which he had converted to Bitcoin, to the provided Bitcoin address.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 2-4
**18 U.S.C. § 1956(a)(2)(A)**
**18 U.S.C. § 1956(a)(2)(B)(i)**
**18 U.S.C. § 2**

17.	Paragraphs 1 through 6 above are re-alleged and incorporated herein by reference.

18.	On or about each of the dates below, in Boyd County, in the Eastern District of Kentucky, and elsewhere

## ADRIAN MITAN

aided and abetted by others, did cause monetary instruments and funds, in the form of bitcoin, to be transported, transmitted, and transferred from a place in the United States to a place outside the United States:

a)	with the intent to promote the carrying on of specified unlawful activities, to wit: defrauding U.S. based victims through unauthorized access to

computer systems, wire communications containing material misrepresentations, and the trafficking and use of counterfeit access devices, in violation of 18 U.S.C. §§ 2, 1029, 1030, 1343, and 1349, and

b) knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, source, ownership, and control of the proceeds of specified unlawful activities, to wit: defrauding U.S. based victims through unauthorized access to computer systems, wire communications containing material misrepresentations, and the trafficking and use of counterfeit access devices, in violation of 18 U.S.C. §§ 2, 1029, 1030, 1343, and 1349, as set forth below:

| Count | Date | Description |
|---|---|---|
| 2 | February 21, 2016 | Transmission of 1.7223219 bitcoins |
| 3 | February 22, 2016 | Transmission of 6.49400499 bitcoins |
| 4 | February 24, 2016 | Transmission of 4.7378236 bitcoins |

All in violation of Title 18, United States Code, Sections, 1956(a)(2)(A), 1956(a)(2)(B)(i), and 2.

## FORFEITURE ALLEGATIONS
### 18 U.S.C. § 982(a)(1)

1.  The allegations contained in Counts One through Four of this Indictment are hereby re-alleged and incorporated herein by reference.

2.  Upon conviction of the offenses charged in this Indictment,

shall forfeit to the United States of America, any property, real or personal, which is involved in such offense, and/or constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1956.

3. If any property subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred or sold to, or deposited with, a third party;

   c. Has been placed beyond the jurisdiction of the court;

   d. Has been substantially diminished in value; or

   e. Has been comingled with other property which cannot be divided without difficulty,

the United States of America, shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), which incorporates Title 21, United States Code, Section 853(p).


**ROBERT M. DUNCAN, JR.**
**UNITED STATES ATTORNEY**

## PENALTIES

**COUNTS 1 - 4:**    Not more than 20 years imprisonment, $500,000 fine or twice the value of the property involved in the transaction, and 3 years supervised release.

**PLUS:**    Mandatory special assessment of $100, per count.

**PLUS:**    Restitution, if applicable.

**PLUS:**    Forfeiture as listed.